COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                              SUPREME JUDICIAL COURT
                                         FOR SUFFOLK COUNTY
                                         NO:  BD-2024-058


IN RE: Andrew Mark Greenberg


ORDER OF DISABILITY INACTIVE STATUS

This matter came before the Court, Wendlandt, J., on a Joint Petition for Disability Inactive Status pursuant to SJC Rule 4:01, § 13(2), filed by the Office of Bar Counsel on May 15, 2025. On May 13, 2024, the lawyer was administratively suspended from the practice of law pursuant to SJC Rule 4:01, § 3(2) (Budd, C.J.).  He also was administratively suspended for nonpayment of registration fees on February 20, 2024, by this Court. (See Bar Docket No. BD-2024-007).

Upon consideration thereof, the petition be and hereby is, allowed, and it is **ORDERED** that:

1.   Andrew Mark Greenberg shall be placed on disability inactive status from the practice of law in the Commonwealth until further order of this Court pursuant to Supreme Judicial Court Rule 4:01, § 13, (2) effective immediately upon the entry of this Order.

It is FURTHER ORDERED that:

2.   Within fourteen (14) days of the date of entry of this Order, the lawyer shall:

   a)  file a notice of withdrawal as of the effective date of

the disability inactive status with every court, agency, or
tribunal before which a matter is pending, together with a copy
of the notices sent pursuant to paragraphs 2(c) and 2(d) of this
Order, the client's or clients' place of residence, and the case
caption and docket number of the client's or clients'
proceedings;

  b)   resign as of the effective date of the disability
inactive status all appointments as guardian, executor,
administrator, trustee, attorney-in-fact, or other fiduciary,
attaching to the resignation a copy of the notices sent to the
wards, heirs, or beneficiaries pursuant to paragraphs 2(c) and
2(d) of this Order, the place of residence of the wards, heirs,
or beneficiaries, and the case caption and docket number of the
proceedings, if any;

  c)   provide notice to all clients and to all wards, heirs,
and beneficiaries that the lawyer has been placed on disability
inactive status; that he is disqualified from acting as a lawyer
after the effective date of the disability inactive status; and
that, if not represented by co-counsel, the client, ward, heir,
or beneficiary should act promptly to substitute another lawyer
or fiduciary or to seek legal advice elsewhere, calling
attention to any urgency arising from the circumstances of the
case;

  d)   provide notice to counsel for all parties (or, in the
absence of counsel, the parties) in pending matters that the

lawyer has been placed on disability inactive status and, as a

consequence, is disqualified from acting as a lawyer after the

effective date of the disability inactive status;

      e)   make available to all clients being represented in

pending matters any papers or other property to which they

are entitled, calling attention to any urgency for obtaining the

papers or other property;

      f)   refund any part of any fees paid in advance that have

not been earned; and

      g)   close every IOLTA, client, trust or other

fiduciary account and properly disburse or otherwise transfer

all client and fiduciary funds in his possession, custody or

control.

All notices required by this paragraph shall be served by certified

mail, return receipt requested, in a form approved by the Board.

    3.   Within twenty-one (21) days after the date of entry of this

Order, the lawyer shall file with the Office of the Bar Counsel an

affidavit certifying that the lawyer has fully complied with the

provisions of this Order and with bar disciplinary rules.  Appended

to the affidavit of compliance shall be:

      a)   a copy of each form of notice, the names and addresses

of the clients, wards, heirs, beneficiaries, attorneys, courts

and agencies to which notices were sent, and all return receipts

or returned mail received up to the date of the affidavit.

Supplemental affidavits shall be filed covering subsequent

return receipts and returned mail. Such names and addresses of

clients shall remain confidential unless otherwise requested in

writing by the lawyer or ordered by the court;

b)  a schedule showing the location, title and account

number of every bank account designated as an IOLTA, client,

trust or other fiduciary account and of every account in which

the lawyer holds or held as of the entry date of this Order any

client, trust or fiduciary funds;

c)  a schedule describing the lawyer's disposition of all

client and fiduciary funds in the lawyer's possession, custody

or control as of the entry date of this Order or thereafter;

d)  such proof of the proper distribution of such funds and

the closing of such accounts as has been requested by the bar

counsel, including copies of checks and other instruments;

e)  a list of all other state, federal and administrative

jurisdictions to which the lawyer is admitted to practice;

f)  the residence or other street address where

communications to the lawyer may thereafter be directed;

and

g)  any and all bar registration cards issued to the lawyer

by the Board of Bar Overseers.

The lawyer shall retain copies of all notices sent and shall maintain

complete records of the steps taken to comply with the notice

requirements of Supreme Judicial Court Rule 4:01, § 17.

4.  Within twenty-one (21) days after the entry date of

this Order, the lawyer shall file with the Clerk of the Supreme

Judicial Court for Suffolk County:

      a)  a copy of the affidavit of compliance required by

paragraph 3 of this Order;

      b)  a list of all other state, federal and administrative

jurisdictions to which the lawyer is admitted to practice; and

      c)  the residence or other street address where

communications to the lawyer may thereafter be directed.

ATTEST:


      By the Court, (Wendlandt, J.)

_____
Allison S. Cartwright, Clerk


Dated: May 19, 2025